```
            IN THE UNITED STATES DISTRICT COURT
                  DISTRICT OF NORTH DAKOTA
                     NORTHEASTERN DIVISION

Timothy & Sylvia Moore,          )
                                 )
          Plaintiffs,            )
                                 )      Civil No.: 2:05-cv-31
v.                               )
                                 )
American Family Insurance        )
Company, a Wisconsin             )
Corporation,                     )
                                 )
          Defendant.             )
```

### ORDER ON MOTION FOR MISTRIAL

On April 3, 2008, the Court held closing arguments in this case.  During the Plaintiffs' rebuttal argument, counsel for the Plaintiffs stated:

> And you are now -- because the judge is instructing you on punitive and exemplary damages, you have the ability not only to set things right by awarding the bad faith damages but you have a right to say to American Family Insurance Company: You can't do this anymore and we're going to teach you a lesson. And this is important because sometimes lessons, where there have been seven or $8 million with a company like American Family Insurance Company, don't stick. But there's a way to make sure that American Family Insurance Company doesn't do this again and that is to award sufficient punitive damages to this corporation that will prevent it from doing it again in the future, that will make it take notice.

After the case was presented to the jury and out of the jury's presence, Defendant moved for a mistrial based on Plaintiffs' counsel's comments, arguing:

> I want to lodge an objection and move for mistrial on the basis of misconduct of Mr. Clapp in his rebuttal closing argument. I don't have the case in front of me but my recollection is yesterday that through one of

1

>Mr. Clapp's expert witnesses he tried to introduce evidence of an unrelated punitive damage case against American Family. And I'm not sure what the state was, if it was Illinois or it was Texas. But the -- his rationale or reasoning at that time was that American Family had been assessed its punitive damage award, I think it was in a 1991 or 1992 case, and American Family still supposedly had not gotten the message and so they needed to be hit up again.
>
>   The Court excluded that, however, Mr. Clapp in his rebuttal closing argument tried to back door in through that method what the Court prohibited coming in through any testimony at the trial of this case. And Mr. Clapp referred to something to the effect of American Family did not learn its lessons from 7.8 or seven, $8 million punitive damages against it, that that doesn't stick and therefore they need to be hit up harder again this time around.
>
>   I don't have the case in front of me. I was caught very much by surprise, but I think the Court knows what we're talking about. And Mr. Clapp, I think, committed grave misconduct and violated the Court's ruling yesterday prohibiting any evidence of any unrelated cases and any unrelated punitive damage awards against American Family by this type of -- really it's flagrant, outrageous misconduct on the part of Mr. Clapp's behalf trying to get that in when the court prohibited it quite clearly yesterday.
>
>   So we do object. I didn't want to object in front of the jury. I wanted to wait until this time. And we do make a motion and move for mistrial at this time because the defendant has been severely prejudiced by Mr. Clapp's clear violation of this Court's order.

The Court took the motion under advisement. It has now reviewed a certified partial transcript of the rebuttal argument and the oral motion.

A trial court has broad discretion in controlling a closing argument. <u>McGuire v. Tarmac Envtl. Co., Inc.</u>, 293 F.3d 437, 442 (8th Cir. 2002). To succeed on its motion, the Defendant must show the comments made during oral argument were (1) plainly

2

unwarranted and (2) clearly injurious. Morrissey v. Welsh Co., 821 F.2d 1294, 1303 (8th Cir. 1987).

It is well known that trial counsel cannot use a comparative damage award from one case to persuade a jury in closing argument to award similar damages. Vanskike v. ACF Indus., Inc., 665 F.2d 188, 210 (8th Cir. 1981)(comparing a railroad product-liability case to punitive damages awarded in Ford Pinto litigation). The Defendant correctly notes Plaintiffs' counsel attempted to solicit testimony during the evidence portion of the trial from his expert witness of a similar case involving American Family, Weathers v. Am. Family Mut. Ins. Co., 793 F. Supp. 1002 (D. Kan. 1992). The Court sustained Defendant's objection to this evidence at sidebar, so the jury never heard evidence related to another specific case. Trial counsel's remarks during closing do appear to be a crafty way of using some comparison between the two cases.

However, after reviewing the transcript, the Court agrees with the Plaintiffs that no specific case, event, or award was referenced. Plaintiffs' counsel instead, while walking right to the line, only likened this case to another that the jury had no knowledge of. The comment was brief; so brief that neither party nor the Court could remember what exactly was said. Counsel's argument sought an award of punitive or exemplary damages against the Defendant to make an example of the Defendant, which is proper under North Dakota law. N.D.C.C. § 32-03.2-11(1) (2007).

Furthermore, the Defendant cannot show it was clearly injured by the comment.  During argument, counsel suggested compensatory damages alone could be worth $2,290,000.  He then suggested a punitive multiplier of five or ten would be appropriate.  The jury awarded $2,348,414.97 total, far less than counsel suggested.  The Court can reasonably infer that counsel's comments did not sway the jury.  See McGuire, 293 F.3d at 442 (concluding no prejudice shown where award was significantly less than the amount of profit and financing argued by counsel).

Therefore, under the totality of the argument, the Court cannot conclude counsel's statement in argument was prejudicial to the Defendant.  The jury was never permitted to know of any previous awards against American Family, so the statement did not have the same meaning for the jury as it did for the Court and the parties.  A plaintiff may argue exemplary damages should be used to make an example out of the defendant and may suggest an amount that is appropriate.  The motion for mistrial is **DENIED**.

**IT IS SO ORDERED**

Dated this 16th day of April, 2008.

RODNEY S. WEBB, District Judge
United States District Court

4